IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZANATHIOUS ZANE HORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00304-CG-N |
| | ) | |
| RIVERVIEW TOWERS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* plaintiff, Zanathious Zane Horn's, failure to abide by the court's orders.  For the reasons set forth below, it is the recommendation of the undersigned that plaintiff's complaint be dismissed without prejudice.

Plaintiff's complaint alleges, in sum, that the defendants "deliberately set out to defraud" by preventing plaintiff's access to an apartment and its furnishings "left behind" by his mother when she died July 21, 2002, lived in by plaintiff's uncle until he died in September 2011, and located in New York.  (Doc 1 at ¶ 1.).  According to the plaintiff, he "has been fighting [defendant] for over 8 years."  (Id.).

On May 15, 2012, the undersigned entered an order (doc. 3) directing Mr. Horn to provide this Court with a basis on which he contends that this Court may exercise jurisdiction over Riverview Towers, Inc. and Peggy Washington, the named defendants herein.  Plaintiff was advised that, before the Court could entertain his motion for leave to

proceed without prepayment of fees (doc. 2),[1] the Court must satisfy itself that jurisdiction[2] exists over the defendants inasmuch as the plaintiff provides only the same New York address for the defendants, Riverview Towers, Inc. and Peggy Washington[3]. *See* <u>Alabama Power Co. v. U.S. Dept. of Energy</u>, 307 F.3d 1300, 1308 (11th Cir. 2002)("The courts have an independent obligation to examine their own jurisdiction before proceeding to the merits of a claim."), *citing* <u>Region 8 Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 807 n. 9 (11th Cir. 1993).  Plaintiff was given a deadline of May 29, 2012 to respond to the order.

Plaintiff was also cautioned that "**FAILURE TO TIMELY RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**."  Doc. 3 at 4 (emphasis

---

[1] The Court is required to screen Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if the complaint should be dismissed because it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief.  <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002)(affirming the application of 28 U.S.C. 1915(e)(2)(B) to a non-prisoner's complaint).

[2] Plaintiff alleges that the defendants reside and can be found in New York, and that the property at issue, as well as defendants' conduct, all occurred in New York.  Absent federal question jurisdiction, plaintiff must establish not only jurisdiction based on diversity under 28 U.S.C. § 1332 but that personal jurisdiction exists over the nonresident defendants named by the plaintiff.  *See* <u>Meier v. Sun International Hotels, Ltd.</u>, 288 F.3d 1264, 1268 (11th Cir. 2002) ("The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant.").

[3] The injury in this action is alleged to have occurred in New York where the defendants denied the plaintiff possession of an apartment and its contents, property he claims as heir of the owner, who was his mother.

in original).  Plaintiff has neither responded to the Court's Order of May 15, 2012, nor requested an extension of time within which to do so.[4]

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by providing this Court with a proper jurisdictional statement, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R. , 370 U.S. 626, 630-31 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002)(holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

---

[4]  On May 24, 2012 plaintiff telephoned the clerk of court to advise that he was hospitalized but would be discharged on May 26, 2012 and intended to file a pleading with the court requesting additional time to respond to the court's order.  Four weeks have passed since plaintiff contacted the clerk and no request for extension has been filed.

CONCLUSION

For the reasons stated above, it is recommended that this action be **DISMISSED without prejudice** for failure to comply with the Court's orders and want of prosecution.

If plaintiff disputes the finding that he has failed to provide a basis on which he contends that this Court may exercise jurisdiction over the named defendants and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for his failure comply with the Court's order and a proper jurisdictional statement. Wilson, 414 F.3d at 1320 (*citing* Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  21st  day of June, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days [5] after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this   21st   day of June, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).